The document below is hereby signed.

Signed: December 28, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| FRANCK M. DeROSE, | ) | Case No. 08-00461 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| GMAC MORTGAGE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 08-10031 |
| FRANCK DeROSE, *et al.*, | ) | |
| | ) | **Not for Publication in** |
| Defendants. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER RE MOTION FOR DEFAULT JUDGMENT

The plaintiff, GMAC Mortgage, LLC, has filed a motion for default judgment against the defendants Franck DeRose, Countrywide Home Loans, Inc., and Cynthia A. Niklas, the Chapter 13 trustee.  The defendants have not responded to the complaint and the clerk has entered a default against the defendants. Although the court will assume that all well-pleaded facts are true in light of the clerk's entry of default, *Nishimatsu Const. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975);

*Fanning v. Permanent Solution Indus., Inc.*, 257 F.R.D. 4, 7 (D.D.C. 2009) ("Upon entry of default by the clerk of the court, the defaulting defendant is deemed to admit every well-pleaded allegation in the complaint") (internal quotations and citations omitted), the defendants are not "held to admit facts that are not well-pleaded or to admit conclusions of law. . . . [and] a defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu,* 515 F.2d at 1206. Instead, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Id.  See also Ohio Cent. R. Co. v. Central Trust Co.*, 133 U.S. 83, 91 (1890) ("If the allegations are distinct and positive, they may be taken as true without proof; but if they are indefinite, or the demand of the complaint is in its nature uncertain, the requisite certainty must be afforded by proof.  But in either event, although the defendant may not be allowed, on appeal, to question the want of testimony or the insufficiency or amount of the evidence, he is not precluded from contesting the sufficiency of the bill, or from insisting that the averments contained in it do not justify the decree."); *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) ("facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment.").  As explained in more detail below, the allegations of the complaint fail to state a claim for

equitable subrogation or a basis for declaring GMAC's lien superior to that of Countrywide.[1] Accordingly, the court will deny the motion for default judgment and dismiss the complaint without prejudice to the filing of an amended complaint.

I

The clerk having entered a default against the defendants, the court will assume that the following well-pled allegations of the complaint are true. On January 16, 2004, the debtor-defendant, Franck DeRose, executed a deed of trust conveying a security interest in the debtor's residential real property located at 1919 16th Street, N.W., District of Columbia (the "Property") in favor of IndyMac to secure a debt in the amount of $185,000 ("First IndyMac Deed of Trust"). The First IndyMac Deed of Trust was recorded among the Land Records of the District of Columbia on February 4, 2004.[2] On October 23, 2004, the debtor executed a second deed of trust conveying a security interest in

---

[1] The instant adversary proceeding was filed on October 22, 2008. The court, however, takes note that in July 2008, several news outlets reported that Bank of America had purchased Countrywide Financial Corp. Such a transfer in ownership may have affected the ownership of defendant Countrywide Home Loans, Inc., and likewise the status of Countrywide as the real party in interest in this proceeding. If the plaintiff chooses to file an amended complaint, it should consider whether Countrywide is the real party in interest, and whether service on Countrywide's registered agent constitutes valid service.

[2] The recording stamp on the deed of trust states that the deed was recorded on February 4, 2004, although the subsequent release of that deed of trust indicates that the deed was recorded on January 23, 2004.

3

the Property in favor of IndyMac to secure an additional debt in the amount of $50,000 ("Second IndyMac Deed of Trust").  The Second IndyMac Deed of Trust was recorded among the Land Records of the District of Columbia on November 5, 2004.  On June 16, 2005, the debtor executed a deed of trust conveying a security interest in the Property in favor of GMAC to secure a debt in the amount of $266,000 ("GMAC Deed of Trust").  The GMAC Deed of Trust was executed on June 16, 2005.  GMAC did not record the GMAC Deed of Trust until November 16, 2006.[3]

On September 26, 2005, before GMAC recorded its deed of trust, the debtor executed a deed of trust for the benefit of Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, N.A., to secure a debt in the amount of $42,000 ("Countrywide Deed of Trust").  The Countrywide Deed of Trust was recorded on October 24, 2005, more than one year prior to the recording of the GMAC Deed of Trust.

One hundred eighty-four thousand four hundred forty-four dollars and eleven cents ($184,444.11) of the proceeds of the GMAC loan were used to satisfy the indebtedness of the debtor that was secured by the First IndyMac Deed of Trust, and

---

[3] According to the plaintiff's motion for default judgment, GMAC reported its loan to the three national credit bureaus, Equifax, Experian, and Transunion in July 2005, before the debtor executed the Countrywide Deed of Trust and before that deed of trust was recorded.  The plaintiff did not allege this in its complaint, and it is thus not a fact deemed to be true by virtue of the clerk's entry of default.

4

$50,265.11 of the proceeds of the GMAC loan were used to satisfy the debtor's indebtedness that was secured by the Second IndyMac Deed of Trust.[4]

GMAC issued the GMAC loan with the intention of obtaining a first priority lien against the property, and but for GMAC's satisfaction of the First and Second IndyMac loans, the Countrywide Deed of Trust would be subject to the First and Second IndyMac Deeds of Trust.  As part of the ordinary course in applying for the Countrywide loan, the debtor would have been asked to disclose, and should have disclosed, his assets and liabilities, including the existence of the GMAC loan and deed of trust.

II

A.

The Complaint Fails to State a Basis for Declaring
GMAC's Lien Superior to Countrywide's Lien.

By its complaint, GMAC seeks a declaration that it holds a first priority lien on the Property, superior in priority to Countrywide's lien.  The allegations of the complaint, however, do not support a claim for such relief.  In its motion for default judgment, GMAC correctly notes that under District of Columbia law, "a bona fide purchaser or judgment creditor is

---

[4] Certificates of satisfaction reflect that the release of the first IndyMac Deed of Trust was recorded on August 8, 2005, and the release of the Second IndyMac Deed of Trust was recorded on August 22, 2005.

5

subject to actual, constructive or inquiry notice." *In re Aumiller*, 168 B.R. 811, 818 (Bankr. D.D.C. 1984).  The complaint fails, however, to allege facts to support a finding that Countrywide had constructive, actual, or inquiry notice of GMAC's lien.

First, the complaint fails to allege facts to support a finding that Countrywide had constructive notice of GMAC's lien. GMAC concedes that its lien was not recorded at the time the Countrywide Deed of Trust was executed and recorded, and GMAC has thus not alleged facts to support a finding that Countrywide had constructive notice of GMAC's lien.  *See In re Hope*, 231 B.R. 403, 424 (Bankr. D.D.C. 1999) (constructive notice generally means record notice and does not exist where lien was not recorded).

Likewise, GMAC has not alleged facts to support a finding that Countrywide had actual notice.  GMAC alleges that the "Defendant DeRose would have been asked to disclose, and should have disclosed, his assets and liabilities, including the existence of the GMAC Loan and Deed of Trust."  Compl. ¶ 16. Although GMAC alleges what the debtor should have done, GMAC does not allege that the debtor actually disclosed GMAC's interest to Countrywide or its agents, and as such, GMAC has not alleged facts to support a claim that Countrywide had actual notice.

Finally, GMAC has not alleged facts to support a finding

6

that Countrywide was on inquiry notice of GMAC's lien.  In its motion for default judgment, however, GMAC states that

> [a]s part of the ordinary course of evaluating Mr. DeRose's application for the Countrywide Loan, the originator of that loan would have reviewed Mr. DeRose's credit report by consulting with the three national credit bureaus, Equifax, Experian and Transunion.  In July 2005, GMAC reported the DeRose Loan to those credit bureaus.  See copy [of] a print-out from GMAC's computer system attached hereto as Exhibit 18; Ex. 5 (Kerr Affidavit).  Thus, any person consulting Mr. DeRose's credit report after July 2005 would have discovered the existence of the GMAC Loan.

GMAC's complaint does not include any allegations regarding GMAC's having reported its transaction with the debtor to the three major credit bureaus.  When evaluating the adequacy of the claims asserted in the complaint, the court considers only those allegations that were actually pled in the complaint.  Similarly, allegations raised only in the plaintiff's motion for default judgment and not in the complaint are not deemed admitted by virtue of the clerk's entry of a default against the defendants. Moreover, it is doubtful that the reporting of a loan to the three major credit bureaus is sufficient to put a subsequent lender who reviews that report on inquiry notice of an unrecorded pre-existing lien on the debtor's property.  GMAC does not contend that the credit report would have reflected the basis for the extension of the loan, and what, if any, collateral was offered to secure that loan.  Although the issue has not been briefed, and the court will not decide the issue in dismissing

the complaint, it seems unlikely that an entry on the debtor's credit report reflecting a loan from GMAC to the debtor, without substantially more, would be adequate to support a claim that Countrywide was on inquiry notice of GMAC's lien.  Thus, even if GMAC had included this allegation in its complaint, it would likely be insufficient to prevent dismissal of this count of the complaint.

B.

> The Complaint Fails to State a Claim for Equitable Subrogation.

GMAC, by its complaint, asks the court to equitably subrogate GMAC to the rights enjoyed by the beneficiaries of the First and Second IndyMac Deeds of Trust.  In the District of Columbia, Equitable subrogation has been described as:

> the substitution of one person to the position of another, an obligee, whose claim he has satisfied . . . .  The basic principles underlying subrogation are the same as those in constructive trusts, prevention of merger, and equitable liens, *i.e.*, restitution to prevent forfeiture and unjust enrichment.

*Eastern Savings Bank v. Pappas*, 829 A.2d 953, 957 (D.C. 2003) (quoting *G.E. Capital Mortgage Servs., Inc. v. Levenson*, 657 A.2d 1170 (Md. 1995) & Handbook on the Law of Mortgages § 277, at 561 (2d ed. 1979)(Osborne)).  The complaint alleges that the proceeds of the GMAC loan were used to satisfy the indebtedness of the debtor that was secured by the First and Second IndyMac Deeds of Trust, and "[t]he great majority of case law holds that one who

pays the mortgage of another and takes a new mortgage as security will be subrogated to the rights of the first mortgagee as against any intervening lienholder." *Eastern Sav. Bank*, 829 A.2d at 957 (quoting *G.E. Capital Mortgage Servs., Inc.*, 657 A.2d at 1175). The court in *Eastern Savings Bank* set forth the following elements necessary to state a claim for equitable subrogation:

> (1) Payment [was] made by the subrogee to protect his own interest. (2) The subrogee [has] not . . . acted as a volunteer. (3) The debt paid [was] one for which the subrogee was not primarily liable. (4) The entire debt [has] been paid. (5) Subrogation [would] not work any injustice to the rights of others.

*Eastern Sav. Bank*, 829 A.2d at 961 (quoting *Caito v. United Cal. Bank*, 576 P.2d 466 (Cal. 1978)).

Although the complaint adequately alleges facts to support the first four elements of an equitable subrogation claim, GMAC has failed to allege facts to support a finding that subrogation would not work an injustice on Countrywide. According to the complaint, Countrywide recorded its deed of trust after the IndyMac Deeds of Trust had been released and before GMAC recorded its deed of trust, and unless equitable subrogation intervenes, the general rule is that "priority of liens or security interests is determined according to the well-known principle of 'first in time, first in right.'" *Eastern Sav. Bank*, 829 A.2d at 956 *(quoting Malakoff v. Washington*, 434 A.2d 432, 434 (D.C. 1981). The complaint offers no factual basis upon which the court could find that displacing Countrywide from its legally obtained

9

priority lien position would not work an injustice on Countrywide, which obtained its lien when the property was no longer encumbered by the IndyMac Deeds of Trust.

Another way of looking at it is this: if GMAC were decreed subrogated to the IndyMac Deeds of Trust, GMAC would gain nothing as against Countrywide because Countrywide's deed of trust is superior to the released IndyMac Deeds of Trust.  When IndyMac released its Deeds of Trust, any later-recorded deed of trust (including Countrywide's) became superior to IndyMac's released Deeds of Trust.

Accordingly, the complaint fails to state a claim for equitable subrogation and default judgment on the plaintiff's equitable subrogation claim is not warranted.

                                III

For all of these reasons, it is

ORDERED that GMAC's motion for default judgment is DENIED.  It is further

ORDERED that the complaint is dismissed without prejudice.  It is further

ORDERED that this adversary proceeding will be dismissed without prejudice unless within 28 days after entry of this order, the plaintiff files an amended complaint that sets forth a claim upon which relief may be granted.  It is further

ORDERED that if GMAC elects to file an amended complaint, it

10

shall take the appropriate steps to verify that the defendant Countrywide remains a real party in interest to this dispute.

[Signed and dated above.]

Copies to: All counsel and parties of record; Office of United States Trustee.